IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

In re:

CHARLES E. WALKER,

Debtor.

Case No. 3:16-bk-03304
Chapter 11
Judge Mashburn

**RESPONSE TO DEBTOR'S MOTION TO REOPEN ADMINISTRATIVELY CLOSED INDIVIDUAL CHAPTER 11 CASE AND DIRECTING [sic] ENTRY OF DISCHARGE AND FINAL DECREE**

Carl Chambers responds as follows to the Debtor's Motion to Reopen Administratively Closed Individual Chapter 11 Case and Directing Entry of Discharge and Final Decree (Dkt. 1130) filed November 15, 2018:

1. The Debtor asserts that he is entitled to a discharge and that his Chapter 11 proceeding should be reopened for that purpose. It does not appear that Mr. Walker is entitled to a discharge, but even if he were, it would be without prejudice to Mr. Chambers' rights.

2. First, it is not entirely clear that Mr. Walker is entitled to a discharge order. On August 31, 2018, Mr. Chambers filed a motion in the Tennessee Chancery Court seeking leave to join himself and Mr. Walker to a lawsuit pending there for the purpose of asserting against Mr. Walker, inter alia, claims under 28 U.S.C. § 1964. (*See* Ex. 1.) Those, of course, are claims described in 11 U.S.C. § 522(q)(1)(B) that would prevent entry of a discharge order. *See* 11 U.S.C. § 1141(d)(5)(C)(ii). Mr. Chambers' motion has never been granted, however. Thus, neither Mr. Chambers nor Mr. Walker is presently a party to the case in which that motion was filed and the claims may be asserted, *see **Freeman v. Blue Ridge Paper Prods. Inc.***, 551

F.2d 405, 409–10 (6th Cir. 2008); *Carson v. Challenger Corp.*, No. W2006-00558, 2007 WL 177575, at *4–5 (Tenn. Ct. App. Jan. 25, 2007).

3. Mr. Chambers has not succeeded in locating any judicial interpretations of Section 1141(d)(5)(C)(ii). It is thus not entirely clear how broadly the language in that provision should be read. Yet a straightforward reading of the language indicates that it applies here: there is "pending [a] proceeding" and there is a possibility that Mr. Walker could be "found … liable for a debt of the kind described in section 522(q)(1)(B)" in that proceeding. Had Congress intended Section 1141(d)(5)(C)(ii) to impose a more rigorous requirement, it could easily have done so, simply, e.g., by specifying that the proceeding be pending "against the debtor" or that the debtor be a "party" to the proceeding. The breadth of Congress's language, requiring merely any proceeding and a possibility of a finding of liability, suggests that it intended the limitation found in Section 1145(d)(5)(C)(ii) to apply broadly. To the extent that Mr. Walker is not entitled to a discharge at the present, there is no reason to reopen his bankruptcy proceeding.

4. Second, Mr. Chambers was indisputably not notified of Mr. Walker's bankruptcy proceeding in time to assert his claims in it. The claims he seeks to bring against Mr. Walker, moreover, are of the type described in 11 U.S.C. § 523(a)(2), (4), or (6); they are thus exempted from the scope of any discharge by 11 U.S.C. § 523(a)(3)(B).

5. Moreover, the viability and dischargeability of Mr. Chambers' claims cannot be adjudicated via a contested matter under Federal Rule of Bankruptcy Proce-

dure 9014, as Rule 7001 requires that such matters be heard, if at all, via adversary proceeding.

6. Thus, even if the Court were to read Section 1141(d)(5)(C)(ii) more narrowly and conclude that Mr. Walker is entitled to a discharge, any discharge order would not adjudicate the dischargeability of claims against Mr. Walker, such as those Mr. Chambers seeks to assert, governed by Section 523(a)(3)(B).[1]

> Respectfully submitted,
>
> s/ Paul J. Krog
> Eugene N. Bulso Jr. (Tenn. No. 12005)
> Paul J. Krog (Tenn. No. 29263)
> LEADER, BULSO & NOLAN, PLC
> 414 Union Street, Suite 1740
> Nashville, Tennessee 37219
> gbulso@leaderbulso.com
> pkrog@leaderbulso.com
> Tel.: (615) 780-4110
> *Attorneys for Carl Chambers*

### Certificate of Service

I hereby certify that on December 6, 2018, I filed the foregoing via the Court's ECF system, which is expected to deliver it via electronic means to counsel of record, including the following:

| | | |
|---|---|---|
| Daniel H. Puryear | Natalie Brown | Erika R. Barnes |
| Puryear Law Group | Rubin Lublin, PLLC | Stites & Harbison, PLLC |
| 102 Woodmont Boulevard | 119 S Main St | 401 Commerce Street |
| Suite 520 | Suite 500 | Suite 800 |
| Nashville, TN 37205 | Memphis, TN 38103 | Nashville, TN 37219 |
| Telephone: (615) 630-6601 | 1-877-813-0992 | 615-782-2252 |
| Facsimile: (615) 630-6602 | nbrown@rubinlublin.com | 615-742-0734 |
| dpuryear@puryearlawgroup.com | *Counsel for Bank of America* | ebarnes@stites.com |
| *Counsel for Jon Paul Johnson* | | *Counsel for Antonio Shannon & G CO Investments LLC* |

---

[1] Irrespective of whether or not the Court grants Mr. Walker's motion to reopen and enter a discharge order, it should make clear in doing so that Mr. Walker did not have a discharge heretofore. It should do so if for no other reason because Mr. Walker is, at the same time as he has come here seeking a discharge, claiming that he has already received one. (*See* Ex. 2.)

| | | |
|---|---|---|
| Beth Roberts Derrick<br>Office of the U.S. Trustee<br>701 Broadway<br>Suite 318<br>Nashville, TN 37203<br>615-736-2254<br>615-736-2260<br>beth.r.derrick@usdoj.gov<br>*Counsel for the U.S. Trustee* | J. Zachary DeFoor<br>Shapiro & Ingle, LLP<br>10130 Perimeter Pkwy<br>Suite 400<br>Charlotte, NC 28216<br>704-333-8107<br>704-333-8156<br>tnecf@logs.com<br>*Counsel for Nationstar Mortgage LLC* | Joseph Jensen<br>J3Law<br>P.O. Box 682305<br>Franklin, TN 37068<br>615-905-5777<br>joe@j3law.com<br>*Counsel for Tennessee Bank & Trust* |
| David G. Mangum<br>2303 Franklin Road<br>Nashville, TN 37204<br>615-255-8690<br>615-255-2766<br>notice@davidmangum.com<br>*Counsel for MPD Cmty. Credit Union* | John C. McLemore, Trustee<br>2000 Richard Jones Road, Suite 250<br>Nashville, TN 37215<br>615-383-9495<br>jmclemore@gmylaw.com<br>*Chapter 11 Trustee* | Phillip G. Young, Jr.<br>Thompson Burton PLLC<br>6100 Tower Circle, Suite 200<br>Franklin, Tennessee 37067<br>(615) 465-6008<br>phillip@thompsonburton.com<br>*Counsel for Chapter 11 Trustee* |
| David Smythe<br>144 Second Avenue North<br>Suite 333<br>Nashville, Tennessee 37201<br>615-255-4849<br>615-255-4855<br>dsmythe@smythehuff.com<br>*Counsel for Pinnacle Bank* | Joseph P. Rusnak<br>Tune, Entrekin & White, P.C.<br>315 Deaderick Street<br>Suite 1700<br>Nashville, TN 37238<br>615-244-2770<br>651-244-2778<br>jrusnak@tewlawfirm.com<br>*Counsel for John Rodney Lister & Greg Lister* | Blake Roth<br>Ryan K. Cochran<br>Waller, Lansden, Dortch & Davis, LLP<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>615-244-6380<br>615-244-6525<br>ryan.cochran@wallerlaw.com<br>blake.roth@wallerlaw.com<br>*Counsel for First Freedom Bank* |
| Michael E. Collins<br>Robert Miller<br>Manier & Herod PC<br>150 Fourth Ave. North<br>Suite 2200<br>Nashville, TN 37219<br>615-244-0030<br>615-242-4203<br>mecollins@manierherod.com<br>rwmiller@manierherod.com<br>*Counsel to REO Holdings' Trustee* | Charles Walker<br>69 Thompson Lane<br>Nashville, TN 37211<br>615-367-5111<br>615-383-1154<br>charles@woodbinelegal.com<br>*Debtor, pro se* | J. Brad Scarbrough<br>Chris Holleman<br>Law Office of Brad Scarbrough PLC<br>5214 Maryland Way, Suite 207<br>Brentwood, TN 37027<br>615-369-9996<br>615-515-4491<br>brad@scarbroughlaw.com<br>chris@scarbroughlaw.com<br>*Counsel for the putative "Johnson-Walker Partnership"* |

                                                                                             s/ Paul J. Krog
                                                                                             Paul J. Krog