IN THE TENNESSEE CHANCERY COURT
FOR THE TWENTIETH JUDICIAL DISTRICT
BUSINESS COURT

| | |
|---|---|
| FAMILY TRUST SERVICES LLC, STEVEN REIGLE, REGAL HOMES CO., BILLY GREGORY, and JOHN SHERROD, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JULIE COONE, NATIONWIDE INVESTMENTS LLC, and MERDAN IBRAHIM,<br><br>    Defendants. | Case No. 15-780-BC<br><br>Jury Demand |

## MOTION TO ADD PARTIES AND MEMORANDUM IN SUPPORT THEREOF

    The plaintiffs and non-party, Carl Chambers, pursuant to Tennessee Rules of Civil Procedure 15.01 and 20.01, respectfully move the Court for leave to add Carl Chambers as a plaintiff to the Fourth Amended Complaint and Charles Walker Jon Paul Johnson as defendants to the Fourth Amended Complaint. Specifically, plaintiffs and Carl Chambers seek leave to file and serve the revised Fourth Amended Complaint attached hereto as Exhibit 1. As grounds for this Motion, the moving parties state:

    1. This is a putative class action lawsuit that seeks to recover significant compensatory and punitive damages against defendants for their perpetration of numerous fraudulent schemes in connection with the redemption of real property sold at tax sales in Davidson County and in other counties across Tennessee.

    2. This case was filed on June 30, 2015. As a direct result of this Court's February 29, 2016, Order granting plaintiffs' Motion for Prejudgment Attachment, two of the principal

defendants, Charles E. Walker and REO Holdings, LLC, filed Chapter 11 bankruptcy petitions. Mr. Walker's bankruptcy case has been concluded. By Order filed June 4, 2018, Mr. Walker's bankruptcy case was closed. See Exhibit 2 hereto. On June 6, 2018, the Bankruptcy Trustee recorded a Release of Suggestion of Bankruptcy in the Davidson County Register of Deeds Office. See Exhibit 3.[1]

3. Mr. Walker now has possession of the real property and other assets that made up his bankruptcy estate.

4. As the Court is aware, while Mr. Walker was in bankruptcy, the named plaintiffs in this action settled the claims they originally asserted against him in this action. *See*, e.g., Motion to Dissolve Stay and for Rule 16 Conference, Ex. 1 (filed January 11, 2018). The plaintiffs' claims against the remaining defendants were remanded to this Court for disposition. *Id.* Accordingly, from January 11, 2018, to the present, this Court has exercised jurisdiction over, and directed the management of, plaintiffs' claims against the remaining defendants.

5. Carl Chambers now seeks to be added as a plaintiff in this action to assert claims against Charles E. Walker and Jon Paul Johnson. Mr. Chambers is the grandson, and a lawful heir, of Maggie Chambers. Maggie Chambers formerly owned real property at 2131 11th Avenue North, Nashville, Tennessee. The manner in which Walker and REO Holdings, LLC fraudulently acquired this property is detailed in paragraphs 48 through 59 of the Fourth Amended Complaint, filed March 29, 2018. Walker and REO Holdings, LLC duped the Metro Legal Department and this Court into believing that they had lawfully acquired from the heirs of Maggie Chambers the right to redeem the property at 2131 11th Avenue North. *See* Fourth Amended Complaint, Ex. 2C. Walker and REO redeemed the property for a meager $2,194.49 and then flipped it for

---

[1] The Court may be interested to know that just the fees, expenses, and commissions paid to the Bankruptcy Trustee and his counsel from Walker's bankruptcy estate totaled approximately $500,000. *See* Exhibits 4, 5 and 6.

$28,000. *See* Exhibit 7 hereto. They accomplished this feat using their trademark forged-notary scheme. *See* Fourth Amended Complaint, ¶ 46.

6. This conduct inflicted significant harm on Carl Chambers, a life-long resident of Nashville, and his family. Walker and REO Holdings stole the right to redeem this property for the modest sum of $2,194.49 and then shortly thereafter made a ten-fold return on their investment. Mr. Chambers has a significant claim to assert against Mr. Walker. Mr. Chambers has not settled or released his claim against Mr. Walker, and Walker is no longer under protection of the bankruptcy court. Mr. Chambers now seeks to pursue his claims against Walker in this action, individually and as a representative of the putative class.

7. The Tennessee Rules of Civil Procedure allow Mr. Chambers' claims to be presented here. First, Rule 15.01 provides that leave to amend "shall be freely given when justice so requires." The Tennessee Supreme Court has emphasized the liberality with which trial courts should approach motions to amend. The Court held, "Rule 15 needs no construction, it means precisely what it says, that leave should be freely given." **Branch v. Warren**, 527 S.W.2d 89, 92 (Tenn. 1975)

8. Second, Rule 20.01 provides that "All parties may join in one action as plaintiffs if they assert any right to relief…arising out of the same transaction or occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." These prerequisites are easily met here. All of the parties' claims arose out of defendants' fraudulent scheme to profit from the redemption of real property sold at tax sales. The questions of law applicable to the current plaintiffs will be equally applicable to Mr. Chambers. Questions of fact are undeniably common because each plaintiff asserts claims that will involve proof of the same underlying fraudulent scheme. Indeed, the facts concerning the

fraudulent conduct of which Mr. Chambers complains are already in the Fourth Amended Complaint. (*See* Fourth Amended Complaint, ¶¶ 48-59)

9. Further, because the facts that undergird Mr. Chambers' claims against Walker are already in the Fourth Amended Complaint, adding Mr. Chambers as a party to this action will require revision only to the caption of the case, the introductory paragraph of the Complaint, and elimination of the words "Third Party" in paragraphs 27 and 28 of the Complaint. Moreover, the lack of judicial economy in Mr. Chambers having to file a wholly separate putative class action against Walker and Jon Paul Johnson is self-evident.

Accordingly, this Court should grant plaintiff's Motion to Add Parties in all respects.

Respectfully submitted,

s/ Eugene N. Bulso, Jr
Eugene N. Bulso, Jr. (BPR No. 12005)
Paul J. Krog (No. 29263)
LEADER, BULSO & NOLAN PLC
414 Union Street, Suite 1740
Nashville, TN 37219
(615) 780-4100
(615) 780-4118
gbulso@leaderbulso.com
pkrog@leaderbulso.com
*Attorneys for Plaintiff,*
*Nissan North America, Inc.*

## NOTICE OF HEARING

**THIS MOTION IS EXPECTED TO BE HEARD FRIDAY, SEPTEMBER 14, 2018, AT 9:00 A.M. IN THE DAVIDSON COUNTY CHANCERY COURT, PART III. FAILURE TO FILE AND SERVE A TIMELY WRITTEN RESPONSE TO THE MOTION WILL RESULT IN THE MOTION BEING GRANTED WITHOUT FURTHER HEARING.**

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon the following on this, the 31st day of August, 2018, via e-mail:

| | |
|---|---|
| Patrick Newsom<br>Paul Bruno<br>Bruno\|Newsom PLLC<br>40 Music Square E.<br>Nashville, TN 37203<br>615-251-9500<br>615-345-4188<br>patrick@brunonewsom.com<br>*Counsel for Defendant Nationwide Investments LLC* | Robert R Laser III<br>625 Main Street<br>Suite 206<br>Nashville, TN 37206<br>615-669-5468<br>rob@laserlawfirm.com<br>*Counsel for Defendants Merdan Ibrahim and Julie Coone* |

                                        s/ Eugene N. Bulso, Jr
                                        Eugene N. Bulso, Jr