IN THE TENNESSEE CHANCERY COURT
FOR THE TWENTIETH JUDICIAL DISTRICT
BUSINESS COURT

| | |
|---|---|
| FAMILY TRUST SERVICES LLC, STEVEN REIGLE, REGAL HOMES CO., BILLY GREGORY, and JOHN SHERROD, on behalf of themselves and those similarly situated, <br><br>    Plaintiffs, <br><br>v. <br><br>REO HOLDINGS LLC, CHARLES E. WALKER, JON PAUL JOHNSON, JULIE COONE, NATIONWIDE INVESTMENTS LLC, and MERDAN IBRAHIM, <br><br>    Defendants. | Case No. 15-780-BC <br><br> Jury Demand |

## MOTION TO AMEND, FOR PREJUDGMENT ATTACHMENT, AND TO LIFT STAY OF ENFORCEMENT OF CRIMINAL CONTEMPT SENTENCE AND MEMORANDUM IN SUPPORT THEREOF

The plaintiffs, pursuant to Tenn. R. Civ. P. 15, Tenn. Code Ann. §§ 29-6-101 and 106, and this Court's Orders filed February 29, 2016, and October 23, 2018, respectfully move the Court (a) to grant plaintiffs leave to file the Fourth Amended and Restated Complaint attached as Exhibit 1 hereto; (b) to attach certain real property Charles E. Walker owns; and (c) to lift the stay of enforcement of this Court's criminal contempt sentence against Charles E. Walker. In support of this Motion, plaintiffs state as follows:

{00128439.DOCX / ver: }

Case 3:16-bk-03304    Doc 1150-1    Filed 05/01/19    Entered 05/01/19 08:52:09    Desc
Exhibit A - ATTACHMENT FILED IN STATE COURT    Page 1 of 9

## RELEVANT BACKGROUND

1. On April 1, 2019, to the surprise of no one, the U. S. District Court for the Middle District of Tennessee remanded this case to this Honorable Court following Charles E. Walker's baseless removal of this action to federal court on September 13, 2018. The Clerk of the U. S. District Court for the Middle District of Tennessee filed a certified copy of the Order of remand on April 4, 2019.

2. Plaintiffs are now before the Court seeking relief necessary to move this case forward expeditiously and to enforce this Court's prior criminal contempt sentence against Mr. Walker. Specifically, plaintiffs seek leave to file a Fourth Amended and Restated Complaint (Exhibit 1 hereto)(voluminous attachments omitted), to attach certain real property currently titled to Charles E. Walker, and to lift the stay this Court imposed on Mr. Walker's criminal contempt sentence following removal. At the outset, however, it is appropriate to summarize events relevant to this case that have occurred since the parties were last before the Court.

3. On *August 31, 2018*, plaintiffs filed and served a Motion on behalf of putative class member Carl Chambers to add as parties to this case, and to assert claims against, Charles E. Walker and Jon Paul Johnson. (The Court will recall that the existing plaintiffs settled their individual claims against REO Holdings, LLC, Walker and Johnson in Bankruptcy Court, leaving Nationwide Investments, LLC, Julie Coone and Merdan Ibrahim as the only remaining defendants in this case. REO Holdings, LLC has not yet emerged from bankruptcy and thus putative

{00128439.DOCX / ver: }  -2-

Case 3:16-bk-03304   Doc 1150-1   Filed 05/01/19   Entered 05/01/19 08:52:09   Desc
Exhibit A - ATTACHMENT FILED IN STATE COURT   Page 2 of 9

class members not parties to the bankruptcy case are not yet able to file legal claims against it.)

4. On *September 5, 2018*, Walker and Johnson formed a new limited liability company in Delaware by the name of Green Wise Homes, LLC ("Green Wise"). *See* Exhibit 2.

5. On *September 6, 2018*, Walker transferred to Green Wise via Quitclaim Deed fourteen parcels of real property in Davidson County. *See* Exhibit 3. Immediately prior to the transfer, Walker held title to such property in his own name, making such property easily accessible to any executing creditor. The Quitclaim Deed recited that Walker transferred the properties "to satisfy an antecedent debt" he owed to Green Wise. At the time of this transfer, Green Wise had existed for only a few hours.

6. On *September 12, 2018*, Johnson transferred to Green Wise via Quitclaim Deed two additional parcels of real property in Davidson County. *See* Exhibit 4. Immediately prior to the transfer, Johnson held title to such property in his own name, making such property easily accessible to any executing creditor. The Quitclaim Deed similarly recited that Johnson transferred the properties "to satisfy an antecedent debt" he owed to Green Wise, which by this time had existed for all of one week.

7. Also on *September 12, 2018*, no response having been filed to plaintiffs' Motion to Add Parties, plaintiffs tendered to the Court and served a proposed order granting the unopposed Motion. If the Court filed the proposed order and plaintiffs

filed the proposed Fourth Amended and Restated Complaint, Walker and Johnson would have, once again, become defendants in this putative class action proceeding.

8. On *September 13, 2018*, before the Court could even act on the proposed order, Walker filed a bogus Notice of Removal, effectively placing this case on ice until plaintiffs could obtain a remand order from the federal court. Coincidentally, on September 13, 2018, the Supreme Court of Tennessee denied Walker's application for permission to appeal his conviction for criminal contempt.

9. On *April 1, 2019*, after an excruciating delay of 6 ½ months, the federal court filed its Order remanding this case to this Honorable Court.

10. On *April 4, 2019*, concerned that Green Wise may liquidate its real estate holdings in response to the remand, plaintiff's counsel, on behalf of putative class member Debra Irvin, filed a fraudulent transfer against Green Wise, Walker, Johnson, Coone, Nationwide, and others, and affixed a lien *lis pendens* to the real property. *See* Exhibit 5. That action was randomly assigned to Part IV of this court. As detailed in that Complaint, the conduct of Walker, Julie Coone, and the other defendants, with respect to Mrs. Irvin is perhaps the most heinous this Court has likely encountered with regard to these defendants.

11. Plaintiffs now file this Motion to bring current the allegations of the complaint, to add Green Wise, Walker, and Johnson as parties to this case, to attach certain real property Walker owns, and to lift the stay of enforcement of Walker's criminal contempt conviction.

## RELIEF REQUESTED

12. **Motion to Amend**: Plaintiffs seek leave to file the Fourth Amended and Restated Complaint attached as Exhibit 1. This proposed amended complaint differs from the current operative pleading in four principal respects. First, the proposed amended complaint seeks to add Carl Chambers as a plaintiff. Carl Chambers seeks to join this action as a plaintiff to assert claims against Charles E. Walker, Jon Paul Johnson, and Green Wise. Mr. Chambers is the grandson, and a lawful heir, of Maggie Chambers. Maggie Chambers formerly owned real property at 2131 11th Avenue North, Nashville, Tennessee. Section C. 2. of the Fourth Amended and Restated Complaint details the manner in which Walker and REO Holdings, LLC fraudulently acquired this property. Walker and REO Holdings, LLC duped the Metro Legal Department and this Court into believing that they had lawfully acquired from the heirs of Maggie Chambers the right to redeem the property at 2131 11th Avenue North. *See* Fourth Amended Complaint, Ex. 2C. Walker and REO redeemed the property for a meager $2,194.49 and then flipped it for $28,000. They accomplished this feat using their trademark forged-notary scheme. This conduct inflicted significant harm on Mr. Chambers, a life-long resident of Nashville, and his family. Walker and REO Holdings stole the right to redeem this property for the modest sum of $2,194.49 and then shortly thereafter made a ten-fold return on their investment.

13. Second, Mr. Chambers seeks to pursue claims against Walker, Johnson and Green Wise, for their fraudulent transfer of assets to Green Wise on September

6, 2018, and September 12, 2018, respectively. The proposed Fourth Amended and Restated Complaint attaches a lien *lis pendens* to the sixteen parcels of real estate Walker and Johnson transferred to this newly created Delaware limited liability company.

14. Third, the proposed amended complaint contains detailed allegations regarding the singularly egregious conduct in which Walker, Johnson, Coone and Nationwide engaged concerning putative class member Debra Irvin. Although these facts are now at issue in Case No. 19-470-IV, such facts are integral to the allegations forming the basis of plaintiffs' request to have this case certified as a class action.

15. Fourth, the proposed amended complaint removes plaintiffs' claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Plaintiffs propose to remove the claim not because it is deficient in any respect (indeed, that claim was the *raison d'etre* of the settlement the individual plaintiffs reached with Walker's Bankruptcy Trustee) but rather to remove one level of complexity from an increasingly complex case.

16. **Motion for Prejudgment Attachment**: On February 29, 2016, this Court filed a Memorandum and Order that attached 37 parcels of real property defendants REO Holdings, LLC and Charles E. Walker owned at the time. Later that same day, and in direct response to the Court's Order, Walker and REO filed Chapter 11 bankruptcy petitions in the U. S. Bankruptcy Court for the Western District of Tennessee. The Bankruptcy Trustees appointed in those cases sold many of the

Case 3:16-bk-03304 Doc 1150-1 Filed 05/01/19 Entered 05/01/19 08:52:09 Desc Exhibit A - ATTACHMENT FILED IN STATE COURT Page 6 of 9

parcels to fund the debtors' $825,000 settlement of certain individual claims formerly asserted in this action and the more than $1,000,000 in fees and expenses Walker and REO were ultimately ordered to pay to the Trustees and their counsel in the bankruptcy cases. The basis for this Court's prejudgment attachment of those parcels is just as compelling today as it was on February 29, 2016. Indeed, the basis for attachment is even stronger today because (a) Walker and Johnson have even more recently effected another fraudulent transfer to another newly formed entity; (b) the harm Walker has caused to class members, including Carl Chambers and Debra Irvin, is as egregious as that perpetrated against the original named plaintiffs and putative class members; and (c) the threat Walker poses to the ability of the individual plaintiffs and putative class members to satisfy a judgment against him remains acute. Because of his recalcitrance in the bankruptcy court Walker has already paid out more than $1,000,000 in fees and expenses to the bankruptcy trustees and their counsel, making a full recovery of the damages a jury is likely to award against him in this action even more tenuous.

17. Plaintiffs therefore seek prejudgment attachment of the five remaining parcels of real estate in Davidson County currently titled to Walker individually.[1] The basis for the attachment consists of the record that supported this Court's Memorandum and Order filed February 29, 2016. Walker's recent skullduggery with the September 6, 2018, transfer of assets to a newly created, out of state entity, Green Wise Homes, LLC, and his bogus removal of this action to federal court,

---

[1] These five parcels were among the 37 parcels the Court attached on February 29, 2016. Plaintiffs have listed such parcels on Exhibit 6 hereto.

which can only be seen as an effort to delay these proceedings and inflict still further harm upon plaintiffs, provide further support for the attachment.

18. **Motion to Lift Stay**: On October 23, 2018, in deference to the Notice of Removal Walker filed September 13, 2018, this Court stayed enforcement of the criminal contempt sentence this Court previously imposed upon Walker, which sentence the Tennessee Court of Appeals upheld in all respects. Because the federal court has now remanded this case to this Honorable Court, this Court should lift the stay of enforcement and should set a date certain for Walker to pay the $50 fine he owes and to surrender himself to the custody of the Court to serve his two-day term of confinement.

Respectfully submitted,

s/ Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (BPR No. 12005)
Paul J. Krog (No. 29263)
LEADER, BULSO & NOLAN PLC
414 Union Street, Suite 1740
Nashville, TN 37219
(615) 780-4100
(615) 780-4118
gbulso@leaderbulso.com
pkrog@leaderbulso.com

## NOTICE OF HEARING

**PLAINTIFFS EXPECT THE COURT TO HEAR THIS MOTION ON THE REGULAR MOTION DOCKET OF PART III OF THE DAVIDSON COUNTY CHANCERY COURT AT THE DAVIDSON COUNTY COURTHOUSE AT 9:00 A.M. ON FRIDAY, MAY 3, 2019. FAILURE TO FILE AND SERVE A TIMELY RESPONSE WILL RESULT IN THE MOTION BEING GRANTED WITHOUT A HEARING.**

## CERTIFICATE OF SERVICE

      I certify that I have this date, April 17, 2019, served the foregoing via e-mail upon the following:

| | |
|---|---|
| Patrick Newsom<br>Paul Bruno<br>Bruno\|Newsom PLLC<br>40 Music Square E.<br>Nashville, TN 37203<br>615-251-9500<br>615-345-4188<br>patrick@brunonewsom.com<br>*Counsel for Defendant Nationwide Investments LLC* | Robert R Laser III<br>625 Main Street<br>Suite 206<br>Nashville, TN 37206<br>615-669-5468<br>rob@laserlawfirm.com<br>*Counsel for Defendants Merdan Ibrahim and Julie Coone* |

Charles Walker
69 Thompson Lane
Nashville, TN 37211

                                                      s/ Eugene N. Bulso, Jr.
                                                      Eugene N. Bulso, Jr.